1
2
3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.  19-21625-CIV-DPG**

4     **GROVE GARDENS RESIDENCES**
**CONDOMINIUM ASSOCIATION, INC.,**

5
6                    Plaintiff,

7          vs.

8                                          Miami, Florida
                                          February 20, 2020
9     **ROCKHILL INSURANCE COMPANY and**    Pages 1-23
**CERTAIN UNDERWRITERS AT LLOYD'S**
10    **LONDON,**

11                    Defendants.
_____

12            **TRANSCRIPT OF TELEPHONIC DISCOVERY HEARING**
**BEFORE THE HONORABLE ALICIA M. OTAZO-REYES**
13                **UNITED STATES MAGISTRATE JUDGE**

14
**APPEARANCES:**
15

**FOR THE PLAINTIFF:**
16                        *Siegfried Rivera*
**BY:  SUSAN ODESS, ESQ.**
17                        201 Alhambra Circle
11th Floor
18                        Coral Gables, Florida 33134

19    **FOR THE DEFENDANTS:**
*Levy Law Group*
20                        **BY:  LAUREN D. LEVY, ESQ.**
3399 Ponce de Leon Boulevard
21                        Suite 202
Coral Gables, Florida 33134
22

23    **TRANSCRIBED BY:      DAWN M. SAVINO, RPR**
**Official Court Stenographer**
24                        400 N. Miami Avenue, 10S03
Miami, Florida  33128
25                        Telephone:  305-523-5598

**PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING**
**TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY**
**AND COMPUTER-AIDED TRANSCRIPTION**

```
1                    P-R-O-C-E-E-D-I-N-G-S
2           COURTROOM DEPUTY:  United States District Court
3    Southern District of Florida is now in session, Honorable Alicia
4    M. Otazo-Reyes presiding.
5           Case number 1921625-civil.  Grove versus Certain
6    Underwriters.
7           Counsel, please state your appearances.
8           MS. ODESS:  Good afternoon.  Susan Odess on behalf of
9    the Plaintiff, Grove Gardens Residences Condominium Association,
10   Inc.
11          MS. LEVY:  Good afternoon, Lauren Levy on behalf of the
12   Defendants.
13          THE COURT:  All right.  Ms. Odess, tell me exactly what
14   relief you're seeking.
15          MS. ODESS:  Your Honor, as the Court is well aware,
16   I've been trying to get a discovery hearing regarding the
17   Defendant's deficient discovery responses.  This has been
18   brought up at multiple status conferences and in two orders --
19   two prior hearings the Court has instructed us to come in in
20   short order for a discovery hearing.  I've been trying to
21   coordinate this hearing since mid-January.  I have not been able
22   to do so.
23          This Court also ordered us to meet and confer prior to
24   the deposition of the Lloyd's corporate representative which I
25   took on January 17, 2020, regarding the Defendant's deficient
```

1    discovery responses.  When we had a hearing on January 23rd, the

2    Court asked us whether that conferral had taken place.  I

3    instructed the Court that that had not taken place, and the

4    Court ordered us to come in for a discovery hearing in

5    accordance with the discovery protocol that governs this case,

6    and also told us that we should come in as quickly as possible.

7          Our office has reached out on various occasions to Ms.

8    Levy's office asking for availability.  I know that this Court

9    is aware that Ms. Levy had multiple cases scheduled for trial.

10   We're all trial attorneys, you know, we're on trial dockets.

11   Every single one of those cases has now settled, and I even

12   proposed -- prior to all the cases settling, I proposed can we

13   double book, you know, a discovery hearing and should your case

14   not resolve itself, then we will cancel the discovery hearing.

15   I didn't receive a response to that.  And so now basically we've

16   had six weeks blocked off where nothing could happen and all the

17   cases have resolved itself (sic).

18         After finding out that her final case resolved itself

19   pursuant to my investigation of the docket, I asked, you know,

20   if -- two things:  One, whether we could schedule a discovery

21   hearing, and I was told that she was completely unavailable

22   until after March 13th which is when I go off of maternity leave

23   and two, if this Court will recall back in December when I

24   scheduled the depositions, you know, for the last two weeks of

25   March -- I'm sorry, the first two weeks of March leading up to

 1     my maternity leave, I said if those cases settle, I would like

 2     to move the depositions to January and February so that I'm not

 3     having a deposition every day up until my maternity leave, and I

 4     was advised, you know, that Ms. Levy would let me know, you

 5     know, if anything changes.  I attached those e-mails as

 6     correspondence to the Court.  Obviously I was never made aware

 7     that the cases settled.

 8              I would like to move those depositions to take place in

 9     short order so that -- you know, I think my doctor has

10     instructed me to slow down and to have depositions back to back

11     every single day up until the date that I go off for maternity

12     leave is probably too aggressive and is not, you know, abiding

13     by my doctor's instructions.  So I would like to move those

14     depositions up and have a discovery hearing immediately because

15     I'm going to go into another deposition of the corporate

16     representative where I don't have responsive records.  As this

17     Court knows, we've been having numerous discovery hearings since

18     as early as July where we have had hearing after hearing after

19     hearing where this Court has instructed the Defendant to revise

20     privilege logs and, you know, change the date as to anticipation

21     of litigation.  We still haven't gotten any of those records.  I

22     have a motion for sanctions pending pertaining to that, and then

23     we propounded additional discovery and every answer, I believe

24     it's 23 out of 25 questions that I've asked, there's just a

25     standing objection that's nonresponsive to my request for

1    interrogatories.  So, you know, I don't have discovery from them

2    and I shouldn't be able to not be able to bring it to the

3    Court's attention and it just -- I'm roadblocked from having a

4    discovery hearing and that's what I'm seeking, the relief to be

5    able to have a discovery hearing in short order.

6         THE COURT:  So what you're telling me is that you tried

7    to follow the Court's protocol, and that you were not able to

8    get an agreed date for a hearing ahead of whatever deposition it

9    is that you're taking that you feel that you need the documents

10   for and you need a ruling on that?  Would that be a correct

11   summary of what your situation is with regards to discovery?  I

12   know you said another issue is you want to move up the

13   depositions, but let's concentrate first on the issue of

14   documents.  And I believe that you are saying that you need them

15   before a deposition that is coming up?  Let's just get those

16   dates straight then I will hear from Ms. Levy.

17        MS. ODESS:  Yes, Your Honor.  That is accurate.  We've

18   proposed six different dates.  Ms. Levy's office told us -- gave

19   us a range that she was unavailable, and I believe it was the

20   25th through March 13th.  I called the Court to see if the Court

21   was available on the 24th.  We found out we were able to clear

22   that date.  Then Ms. Levy happens to have a personal matter on

23   that date, and so none of the dates that we proposed she was

24   available.  We've done it six times where we propose dates for

25   her and we haven't been able to get a hearing.  And so I said

1    well, why don't you provide me with your dates of availability

2    just because, you know, it's silly for us to block off all the

3    time for a trial that may or may not happen.  As this Court is

4    aware, only 1% of trials actually move forward, so there's a

5    high likelihood of settlement and that's why, you know, people

6    to try to double book things, you know, so that everything isn't

7    in a standstill and we haven't been able to get these hearings.

8            And so I took the deposition previously, as this Court

9    will recall, of the Lloyd's corporate representative without the

10   benefit of complete answers to discovery.  I mean, every answer

11   to the interrogatories was an objection in violation of this

12   Court's standing order.  And this Court ordered us to confer

13   prior to that, it didn't happen.  And I don't have the records.

14   So it's just, I feel like I'm on a carousel I can't get off of.

15           THE COURT:  All right.  So Ms. Odess, are you -- have

16   you scheduled the follow-up deposition of the Lloyd's corporate

17   representative?  Is that what you're aiming for to be ready?

18           MS. ODESS:  No, Your Honor, we have not because we --

19   one, Ms. Levy took on objection on the 14th day regarding the

20   Court's order in anticipation of litigation, so that will be

21   fully briefed by Ms. Levy by next Friday which is the 28th of

22   February.

23           THE COURT:  Okay.

24           MS. ODESS:  And so it wouldn't be prudent of us to

25   proceed with that deposition until one, the Court rules on the

```
 1   record; and two, until I have a discovery hearing, most
 2   importantly, on the answers to interrogatories.
 3             THE COURT:  All right.  So you're looking for a
 4   discovery hearing on answers to interrogatories ahead of the
 5   anticipated deposition that is also being held up by the appeal
 6   of my ruling on the date of the anticipation of litigation?
 7   Would that be accurate?
 8             MS. ODESS:  Yes, Your Honor.
 9             THE COURT:  All right.
10             MS. ODESS:  And we have the deposition of the corporate
11   rep scheduled of Rockhill for March 3rd, so it's --
12             THE COURT:  Oh, okay.  Hang on.  Hang on.  So I got the
13   picture on Lloyd's.
14             Now, you have a deposition of Rockhill on March 3rd.  I
15   can see that in the order.  Now, which documents or discovery
16   responses do you need for that deposition that you haven't
17   received?
18             MS. ODESS:  So similar to Lloyd's of London, their
19   responses to the Plaintiff's first set of interrogatories --
20             THE COURT:  Uh-huh.
21             MS. ODESS:  -- they state objections to all but two --
22             THE COURT:  Okay.
23             MS. ODESS:  -- of the responses and have, you know,
24   voluminous form objections in violation of this Court's standing
25   order.  And then there's their request for admissions, we have
```

1      some issues with some of their answers.

2           THE COURT:  Okay.  So in preparation for that

3      deposition that is scheduled for March 3rd, you need rulings on

4      exactly what discovery requests.

5           MS. ODESS:  The answers to the first set of

6      interrogatories.

7           THE COURT:  Answers to first set of interrogatories to

8      Rockhill, right?

9           MS. ODESS:  Yes, Your Honor.

10          THE COURT:  Okay.  What else.

11          MS. ODESS:  And Rockhill's response to the first

12     request for admissions.

13          THE COURT:  First request for admissions.

14          MS. ODESS:  And then the last thing would be the

15     Court's ruling on either our motion for sanctions that is

16     pending regarding the privilege log, or the Court to rule on Ms.

17     Levy's objection to the report and recommendation regarding, you

18     know, the anticipation of litigation documents.

19          THE COURT:  Okay.  So that affects the Rockhill

20     deposition also, correct?

21          MS. ODESS:  Yes, Your Honor.

22          THE COURT:  All right.  So that is in Judge Gayles'

23     hands, the appeal.  Right?  And then you said something about --

24     you're saying something about the motion for sanctions you need

25     me to rule on that ahead of the deposition?

1       MS. ODESS:  Yes, Your Honor, because that deals with

2   discovery going back to -- starting in July of 2019 where we had

3   over four or five discovery hearings pertaining to, you know,

4   various discovery issues.  The Court instructed Ms. Levy's law

5   firm on multiple occasions to revise the privilege log.  We were

6   told that she would do it with a fine tooth comb.  When we had

7   the last hearing as it pertained to this matter --

8       THE COURT:  Uh-huh.

9       MS. ODESS:  You asked --

10   (Coughing)

11       MS. ODESS:  -- that she went line item by line item and

12   you said to be very circumspect with what would be put on the

13   privilege log.  And instead of revising the privilege log, all

14   they did was say that the date that the anticipated litigation

15   was the date that they got notice of the loss.

16       THE COURT:  Now, I have -- I'm sorry.  I have pushed

17   that date out and directed, if I recall correctly in my order,

18   to not claim a work product privilege for anything ahead of that

19   date.  They have appealed that issue.  I believe that I said I

20   was not in that order ruling on attorney-client privileges

21   claimed in the privilege log, and you want me to rule on that

22   ahead of the deposition as to documents?

23       MS. ODESS:  Yes, because we believe that there was a

24   waiver that took place and that also, you know, there was a

25   violation of this Court's explicit orders on two separate

1    occasions.  So if this Court ruled on the motion for sanctions,

2    you know, that would quickly dispose of this issue.

3            THE COURT:  Well, I wouldn't count on it quickly

4    disposing of anything because the chances are pretty good that

5    the next step will be an appeal of whatever order I issue based

6    on past experience.  So I think you're being optimistic, Ms.

7    Odess.

8            MS. ODESS:  Fair enough, Your Honor.

9            THE COURT:  But that just sort of goes without saying.

10   So let me ask you this question.  On the -- I intend, let me

11   just inform Ms. Levy and I'll let you hear -- I'll let you

12   speak, but let me just tell you my inclination.  I intend to

13   address these answers to first set of interrogatories and the

14   first request for admission as they pertain to Rockhill in

15   preparation for Rockhill's March 3rd deposition in short order.

16   So you better be thinking, Ms. Levy, of when you're available to

17   do that, whether in person or by phone.

18           Now, on the attorney-client privilege issues, that will

19   be my homework that I will have to look at, and on the motion

20   for sanctions, which you're saying -- you're saying that as a

21   sanction I should rule that all privilege claims have been

22   waived?  Is that what you're looking for, Ms. Odess?

23           MS. ODESS:  Yes, Your Honor.

24           THE COURT:  Okay.  I got you.

25           MS. ODESS:  Okay.

```
 1              THE COURT:  All right.  All privilege.  All privilege
 2     including even -- even the ones where I said that they could
 3     assert based on my ruling on the date of anticipation of
 4     litigation?  You want me to overrule that?
 5              MS. ODESS:  Well, I think it's a separate issue.  I
 6     think one is the Court making a determination of when the Court
 7     believes that the anticipation of litigation commenced.
 8              THE COURT:  Yes.
 9              MS. ODESS:  The secondary issue is whether or not the
10     failure to provide a privilege log, the failure to do it after
11     the Court ordered a privilege log, the failure to revise the
12     privilege log after the Court instructed.
13              THE COURT:  I got you.  All right.  So those two things
14     are for me to handle before March 3rd.
15              Let me hear from Ms. Levy and let me have Ms. Levy
16     address the potentiality -- her potential availability for me to
17     resolve the written discovery disputes ahead of March 3rd.  Ms.
18     Levy, I'm ready to hear from you, ma'am.
19              MS. LEVY:  Okay.  Good afternoon, Your Honor.  I
20     apologize.  As you know, I had a conflict for today so I had
21     stepped out of a meeting to attend this once I received your
22     order today denying my request to move it.  With that said, I
23     don't have any availability between now and March 3rd.
24              THE COURT:  Well, you will have to make yourself
25     available, ma'am.
```

1        MS. LEVY:  Well Your Honor, for February 24th and 25th

2    I am taking two personal days.  I have something at my child's

3    school, and I also have been preparing for four or five trials

4    and have -- I need a break to say that.  I'm going to be going

5    out of town, I'm not 100%.  Then I will be out of state in Iowa

6    the 26th through the 30th, and then we have a deposition of my

7    client on March 3rd, who will be coming in on March 2nd.

8        THE COURT:  All right.  So you or someone in your

9    office will need to make yourselves available.  I will look at

10   my schedule right now since you're telling me that you do not

11   feel that you yourself are available, and I will myself set the

12   discovery hearing.  It sounds to me, Ms. Levy, like maybe your

13   work load is interfering with the management of this case and

14   you may need to rethink how you're handling the litigation in

15   this case.  That is just a comment that I'm making for your

16   benefit.

17        So at this point in time, let me just say -- and I am

18   happy to do it telephonically so as not to inconvenience people

19   too much.  Let me look at what my schedule looks like and I will

20   tell you what my availability is, and then you can fit into

21   that.  At this point in time, starting tomorrow -- I'm pulling

22   up my calendar.  Give me a minute.  All right.  Tomorrow

23   February 21st I can attend to this matter at 4:00 in the

24   afternoon.  So we're talking about 2-21 at 4.  And the following

25   week Monday has now been taken.  Tuesday I can do 4:00, so that

1    would be the 25th at 4 p.m.  Wednesday I can also do 4 p.m.

2    That would be Wednesday the 26th.  Thursday the 27th I can do

3    either 3 p.m. or 4 p.m.  And finally, Friday the 28th, I can do

4    11 a.m. or 4 p.m.

5            So hopefully you're consulting your calendars at this

6    point in time and you can tell me which of those lots you can

7    do.

8            Let me hear from Ms. Odess first.

9            MS. ODESS:  I can make myself available at the Court's

10   convenience.  My preference would be the sooner the better, just

11   because of how quickly we're approaching the deposition of the

12   corporate representative.  So my preference would be tomorrow or

13   the 25th, but I will defer to the Court.

14           THE COURT:  But are any of these dates -- do any of

15   these dates work for you?

16           MS. ODESS:  I can make all of the dates work on my

17   side.

18           THE COURT:  Okay.  Let me hear from Ms. Levy.

19           MS. LEVY:  Your Honor, I'm not available.  I have to go

20   check calendars of other people in my firm.

21           THE COURT:  Okay.  Then I'm just going to pick a time

22   and you're going to find somebody in your firm that will be able

23   to cover this matter.  And I am setting it for the 25th at 4

24   p.m.

25           MS. LEVY:  Okay.  Can they call in, Your Honor?

1      THE COURT:  Yes, I am happy to do it telephonically so

2  as to --

3      MS. LEVY:  Okay.

4      THE COURT:  -- facilitate the participation.  But let

5  me just tell you, Ms. Levy, I will not tolerate any delays.

6  Whoever is covering for you better be fully prepared to address

7  the issues.  So I will ask Ms. Odess to immediately file a

8  notice of hearing for February 25th at 4 p.m. detailing exactly

9  what needs to be ruled on, and I expect either you, Ms. Levy, or

10  whoever is covering for you to be fully prepared to address each

11  and every one of those issues.  Am I making myself clear, ma'am?

12      MS. LEVY:  Yes, Your Honor.  My understanding is that

13  the issue is the answers to interrogatories and the responses to

14  requests for admissions.  Does it go beyond that?

15      THE COURT:  That's my understanding, but I will request

16  that Ms. Odess do a notice of hearing that specifically tells us

17  which answers to interrogatories, which answers to requests for

18  admissions, and if it's like a global issue, then tell me that

19  it applies globally.  But basically, give us an outline so that

20  I can address this matter in detail on the 25th and resolve it

21  for better or for worse so that this matter will be resolved at

22  my level.  Who knows if you, Ms. Levy, will decide to appeal

23  that also, but that would be out of my hands, but so I can do my

24  job in response to the order of reference from Judge Gayles who

25  has asked me to move discovery along in this case, and it seems

1   that despite my best efforts, we don't seem to be making a lot

2   of progress.  But at least I will do my part and then let the

3   chips fall where they may afterwards.

4          So that's that, and then I will, Ms. Odess, take a look

5   at --

6          MS. ODESS:  Can I ask a question, Your Honor?

7          THE COURT:  Well, let me just finish speaking.

8          MS. ODESS:  Sure.

9          THE COURT:  I will in turn take a look at the

10  contention that the attorney-client privilege -- actually all

11  privilege claims have been made as a ruling on your motion for

12  sanctions, and I think you wanted me to rule on something else

13  and I just want to make sure I have that straight.

14         MS. ODESS:  Sure.  Really quickly, if I may.  So one of

15  the other -- so it is correct that the notice of hearing that's

16  most pressing is on the pending discovery responses, but at two

17  prior hearings this Court had instructed us to come in for a

18  discovery hearing regarding the objections to the instructions

19  not to answer the objections that took place during the

20  corporate representative of Lloyd's of London deposition.  I've

21  asked Ms. Levy for two discovery hearings just because --

22         THE COURT:  I'm sorry.  Ms. Odess, please don't jump

23  into something else until I have this straightened out.  I'm

24  concentrating on the Rockhill deposition that is scheduled for

25  March the 3rd.  I am -- I have now set a date for the --

1        MS. ODESS:  Okay.

2        THE COURT:  -- disputes on the written discovery,

3   namely the interrogatories and the requests for admissions.  I

4   am trying to clarify so that I can do my homework on what else

5   it is that you want me to rule on ahead of that deposition.  I

6   believe you told me you want me to rule on the motions for

7   sanctions where you're saying as a sanction all privilege

8   claims, whether work product or attorney-client, shall be deemed

9   to be waived based on your argument that the Defendant failed to

10  comply with the Court's directions on the preparation of the

11  privilege log.  And I have another little note here saying

12  waiver attorney-client, and I'm trying to determine if that is

13  the same argument or a separate argument.

14        MS. ODESS:  That's the same argument, Your Honor.  It's

15  briefed in my motion.

16        THE COURT:  All right.  So what you need me to do is

17  rule on the motion for sanctions, correct?

18        MS. ODESS:  Yes, Your Honor.

19        THE COURT:  All right.  And then -- and then the other

20  clarification I wanted to make is I reserved on the rulings on

21  the attorney-client privilege when I picked the date for work

22  product which kind of like set the boundaries for the work

23  product claim.  Do you need me to go chapter and verse on the

24  attorney-client privilege claims that are set forth in the

25  privilege log?  Because if you want me to do that in a hurry,

1    I'm going to need from you, Ms. Odess, a list of what

2    attorney-client privilege claims in the privilege log you're

3    objecting to aside from your waiver argument, if any.

4           Do I make myself clear or was I clear as mud?

5           MS. ODESS:  Yes, Your Honor.

6           THE COURT:  All right.

7           MS. ODESS:  You would like from the Plaintiff a list of

8    what -- aside from the waiver argument, what attorney-client

9    privilege documents we believe would not be protected under

10   attorney-client privilege and let the Court know.

11          THE COURT:  So I can work my way down that privilege

12   log and either sustain their privilege claim or overrule it.

13   Are you prepared to submit that to me?

14          MS. ODESS:  Of course, Your Honor.

15          THE COURT:  All right.  So all right.  So then you need

16   to give me a list of objections to attorney-client privilege

17   claims in -- is it the same -- let me ask Ms. Levy, is it one

18   privilege log?  Because I haven't looked at it in a while.  Is

19   it one privilege log for both Defendants or is it separate

20   privilege logs?

21          MS. LEVY:  Well, there's at least two, maybe three for

22   Rockhill, so it would be the most current one, and then there is

23   one, I think there's two maybe for Lloyd's which would then be

24   the most current one.  So there are two separate current logs.

25          THE COURT:  All right.  So what -- can you give me the

```
1    date of the most current privilege log for Rockhill?

2              MS. LEVY:  I'm unable to do that at this time, Your

3    Honor.  I'm not at a computer.

4              THE COURT:  Has it been filed with the Court?

5              MS. LEVY:  I believe they have been attached to the

6    motion for sanctions filed by Plaintiff if my memory serves me

7    right.

8              THE COURT:  And that's the same privilege log?

9              MS. LEVY:  I believe so.  I don't want to speak out of

10   turn, Your Honor.  Again, I don't have access to that right now.

11             THE COURT:  Can you assist, Ms. Odess?

12             MS. ODESS:  Yes, I'm pulling it up.  I'm trying to do

13   that as we speak.

14             THE COURT:  All right.  I'll try to do the same as we

15   speak.

16             MS. ODESS:  So I know that Docket Entry 106 --

17             THE COURT:  Hang on just a second.  Let me pull it up.

18   106.

19             MS. ODESS:  Is the motion for sanctions, so I'm going

20   to see if I have those.  There is -- Exhibit I is the Lloyd's of

21   London's privilege log.

22             THE COURT:  I'm looking for Rockhill right now.

23             MS. ODESS:  Okay.  I imagine it's probably the next

24   one.  Let me just double-check.  I have Exhibit J being

25   Rockhill's second amended privilege log.
```

1        THE COURT:  Which number is that?

2        MS. ODESS:  J is 106-10.

3        THE COURT:  Ten.  Okay.  106-10 is the -- let me see if

4    there's the date on here.  Well, this privilege log does not

5    have a date on it.  All right.  Is it your understanding, Ms.

6    Odess, that this is the most recent --

7        MS. ODESS:  Yes, Your Honor.

8        THE COURT:  -- privilege log?

9        MS. ODESS:  Yes, Your Honor.

10        THE COURT:  And this is the one that you're challenging

11    in terms of total waiver, and the one that I will ask you to

12    challenge specifically attorney-client product -- I'm sorry,

13    attorney-client privilege claims.

14        Now, to the extent that there's both work product and

15    attorney-client privilege where I have ruled on when the work

16    product date for anticipation of litigation starts, then don't

17    bother to challenge the attorney-client privilege.  Because if

18    it comes within the parameters of that date, then it would be a

19    work product claim unless you have some other grounds to

20    challenge it.  So I would say to concentrate on any that you

21    want to challenge substantively the attorney-client privilege

22    where the claim is standing alone.  Does that make sense to you?

23        MS. ODESS:  If I could just make sure that I'm

24    understanding.  So if the attorney-client privilege is standing

25    alone, those are the ones I focus on, and I should focus on

1    those after the date of the determination by this Court as to

2    when anticipation of litigation commenced?

3          THE COURT:  No.  Not exactly.  There are a number of

4    work product privilege claims.

5          MS. ODESS:  Uh-huh.

6          THE COURT:  And for those, I've already ruled on when

7    the date is and I've already instructed the Defendants to update

8    the privilege log to comport with that date.  They have appealed

9    that ruling, so I am not touching the work product issues.  So

10   the point I'm trying to make is if there's a legitimate work

11   product claim based on my ruling accompanied for the same

12   document by a attorney-client privilege claim, then don't bother

13   to challenge that because even if I were to overrule the

14   attorney-client, the work product would still protect the

15   document.

16         So what I'm trying to simplify is look at things that

17   are just merely attorney-client privilege claims, and if you

18   have a basis for doing so, challenge them and give me a list and

19   you should list it by Bates numbers so I can find them on the

20   privilege log.  Does that make sense to you now?

21         MS. ODESS:  It does.  Thank you for the clarification,

22   Your Honor.

23         THE COURT:  All right.  Can you give that to me, let's

24   say, by sometime tomorrow, noontime?

25         MS. ODESS:  I'm sorry, by noon tomorrow?

1          THE COURT:  Yes.

2          MS. ODESS:  Yes, Your Honor.

3          THE COURT:  All right.  So after I receive that and

4     after I review the motion for sanctions, there will be rulings

5     on those two matters on my part.  And then on February 25th at 4

6     p.m. we will address the objections to the first set of

7     interrogatories and the first requests for admission and any

8     issues that Ms. Odess has with regards to the sufficiency of

9     those discovery responses.

10          Now Ms. Odess, you wanted to jump into Lloyd's of

11    London, but you have told me that you have not yet set that

12    deposition; is that correct?

13          MS. ODESS:  Yes.  We have not set the deposition

14    because the Court instructed us to come in to have the

15    objections heard.  So I've asked Ms. Levy for two dates for

16    discovery hearings because the discovery issues are mounting.

17    So I just wanted to let the Court know that, you know, I can add

18    it on to the hearing for next week, or I can defer the issue

19    until the Court, you know, thinks it's appropriate for us to

20    bring that issue up just because that deposition will not be

21    scheduled until July.

22          THE COURT:  All right.  So that deposition is in July?

23          MS. ODESS:  It has not been rescheduled, but based on

24    --

25          THE COURT:  But it will be in July, right?

1    MS. ODESS:  Yes, Your Honor.

2    THE COURT:  All right.  So I think we can -- let's just

3    not bite more than we can chew.  Let's concentrate on doing

4    Rockhill right now, and we will maybe address those issues when

5    we talk again in March in terms of seeing how the scheduling

6    goes and how when you will be available ahead of that

7    deposition.

8    Now, one additional issue that you wanted me to

9    address, Ms. Odess, is that you wanted to pull up some of the

10    depositions that have been scheduled.  I suspect that Ms. Levy

11    may tell us that those dates have been fixed already.  Let me

12    hear from Ms. Levy regarding the potential of moving up.  I

13    don't know how much we can move up because the dates are March

14    4th, 5th, 6th and so on, so it would have to be moved up to next

15    week.  But let me hear from Ms. Levy.

16    MS. LEVY:  Thank you, Your Honor.  Yes, Your Honor is

17    correct.  Not only based on my schedule, but others as well, and

18    the Court knows how hard we worked, especially the Court, to get

19    these dates.  These dates were provided by Ms. Odess in court,

20    in open court.  All of these witnesses have been set and, you

21    know, we're ready to go when they are.  There's just no

22    availability any earlier.

23    THE COURT:  All right.  Given that these people have

24    already been scheduled and that they presumably have put these

25    dates on their calendars, I don't think it's realistic, Ms.

1    Odess, to try to mess with that schedule right now.  We might

2    run into problems and lose those dates.  If your doctor tells

3    you that you cannot keep working, then work with Ms. Levy to

4    roll those depositions to the July time frame to the extent that

5    that is necessary.

6            Anything else that I can do for you at this time?

7            MS. ODESS:  No, Your Honor.

8            MS. LEVY:  No, Your Honor.

9            THE COURT:  All right.  I will see -- I mean, I will

10   speak to Ms. Odess and either Ms. Levy or her pinch hitter on

11   the 25th at 4 p.m.

12           Thank you.

13           MS. ODESS:  Thank you, Your Honor.

14           MS. LEVY:  Thank you, Your Honor.

15           (PROCEEDINGS CONCLUDED)

16                    *  *  *  *  *

17                   C E R T I F I C A T E
     I certify that the foregoing is a correct transcript from the
18   digital audio recording of proceedings in the above-entitled
     matter.

19

20   2/28/2020              /s/ Dawn M. Savino
     Date                   DAWN M. SAVINO, RPR

21

22

23

24

25

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION